# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **JEREMY MEYERS**, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-cv-444 |
| **NICOLET RESTAURANT OF DE PERE, LLC**, a Wisconsin limited liability company, | ) ) ) ) ) | |
| Defendant. | ) | Jury Trial Demanded |

# CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiff brings this action to secure redress for the violation by Defendant of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g)(1), provides that:

> **. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. §1681c(g)(1).

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Defendant has negligently, recklessly and/or willfully violated this law and failed to protect Plaintiff, and others similarly situated, against identity theft and credit card and

debit card fraud by continuing to print the expiration date of the card number on receipts provided to debit card and credit card cardholders transacting business with Defendant.

4. Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. §1681, *et seq*. Plaintiff seeks statutory damages, attorney's fees, and costs.

## PARTIES

5. At all relevant times, Plaintiff JEREMY MEYERS was a resident and citizen of Wisconsin.

6. At all relevant times, Defendant NICOLET RESTAURANT OF DE PERE, LLC ("Nicolet Restaurant") was a Wisconsin limited liability company with its principal offices located at 525 Reid St., De Pere, Wisconsin 54115.

7. At all relevant times, Nicolet Restaurant was a business that accepted credit cards or debit cards for the transaction of business within the meaning of FACTA.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

9. Venue in this District is proper because Defendant transacts business in the District and is deemed to reside here.

## FACTS

10. On February 10, 2015, Plaintiff JEREMY MEYERS received from Defendant at its retail located at 525 Reid St., De Pere, Wisconsin 54115, a computer-generated cash register receipt which displayed the last four digits of Plaintiff's credit card number as well as the card's expiration date.

11. On information and belief, it is possible to replicate a card number using the last four digits of the card number and the expiration date.

## CLASS ALLEGATIONS

12. Plaintiff brings this action on behalf of a Class pursuant to Fed. R. Civ. P. Rule 23(a) and (b)(3).

13. The Class is defined as: All persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring at the Nicolet Restaurant after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card. Excluded from the Class are Defendant, and its respective officers, employees, and attorneys.

14. The Class is so numerous that joinder of all individual members in one action would be impracticable. For several years, Defendant has been open and serving customers seven days each week, and Defendant describes its restaurant as a "local favorite."[1] Therefore, it is reasonable to assume that there are more than 50 alleged FACTA violations at issue.

15. Plaintiff's claims are typical of the claims of the Class members. All are based on the same legal theories and arise from the same unlawful, negligent, reckless and/or willful conduct.

16. There are common questions of fact and law affecting members of the Class, which common questions predominate over questions which may affect individual members. These include the following:

    a. Whether Defendant had a practice of providing customers with a sales or transaction receipt on which Defendant printed the expiration date of the credit card or debit card;

---

[1] *See Nicolet Restaurant of De Pere,* Nicolet Restaurant, *available at:* http://nicoletrestaurant.com (*last visited* March 24, 2015).

3

  b.  Whether Defendant thereby violated FACTA; and

  c.  Whether Defendant's conduct was negligent, reckless or willful.

  17. Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of the Class members. Plaintiff has retained experienced counsel.

  18. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

  19. Defendant violated 15 U.S.C. §1681c(g)(1), which provides, in relevant part, that:

> **. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. §1681c(g)(1) (emphasis added).

  20. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §168lc(g)(1).

  21. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §l681c(g)(1) on or after December 4, 2006.

  22. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the Class members. In transacting such business,

4

Case 1:15-cv-00444-WCG Filed 04/14/15 Page 4 of 11 Document 1

Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

23. After the effective date of the statute and thereafter to date, Defendant, at the point of sale or transaction, provided Plaintiff and each Class member with one or more electronically printed receipts on each of which Defendant printed the expiration date of the credit card or debit card.

24. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

25. On information and belief, Defendant knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates, but continued to print the expiration dates anyway.

26. On information and belief, VISA, MasterCard, American Express, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

27. The truncation requirement was widely publicized among retailers.

28. In May 2007, the Federal Trade Commission issued a business alert informing businesses that they, "must delete the [credit and debit] card's expiration date" and for example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

> ACCT: ***********12345
> EXP: ****

5

*See* FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts. *Available at* http://business.ftc.gov/documents/alt007-slip-showing-federal-law-requires-all-businesses-truncate-credit-card-information-receipts (last visited April 1, 2015).

29. The FTC again warned that the failure to truncate the expiration date violates the law. *Available at* http://www.ftc.gov/opa/2007/05/slipshowing.shtm (last visited April 1, 2015) ("The business alert advises that merchants who fail to comply with the law could face FTC law enforcement action, including financial penalties and federally-enforced restrictions or requirements.")

30. The FTC on December 14, 2007, further stated:

> To help make merchants aware of their responsibility to truncate this information, the Commission's regional offices led a nationwide campaign that included sending the FTC's Business Alert, "Slip Showing?" to 187 national trade associations. The alert also is available on FTC's Web site www.ftc.gov. Merchants who fail to comply with the law could face FTC law enforcement action, including civil penalties of up to $2,500 per violation.

*See* http://www.ftc.gov/opa/2007/12/slip.shtm (last visited April 1, 2015).

31. The May 2007 FTC business alert was also posted on the Better Business Bureau's website. *Available at* http://www.bbb.org/us/article/4425.

32. On information and belief, Nicolet Restaurant's credit and debit card processor required Defendant to comply with (a) the FCRA, (b) all state and federal laws and regulations pertaining to the protection of consumer information, and (c) all rules and regulations of Visa, MasterCard, Discover, and American Express.

33. On information and belief, Nicolet Restaurant's credit card and debit card processor provided notice of FACTA and FACTA's truncation requirements to the Defendant.

34. On information and belief, Nicolet Restaurant received notices of FACTA's truncation requirement from Visa, MasterCard, Discover, and American Express.

35. The August 12, 2006, edition of Rules for Visa Merchants (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that only the last four digits of an account number should be printed on the customer's copy of the receipt and the expiration date should not appear at all. These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

36. The "Best Practices" section of Visa's CISP contains a link to a document entitled "Visa Best Practices – PAN Truncation v.1.0 – 14 July 2010." That document, dated July 14, 2010, contains the following language:

> Some countries already have laws mandating PAN truncation and the suppression of expiration dates on cardholder receipts. For example, the United States Fair and Accurate Credit Transactions Act (FACTA) of 2006 prohibits merchants from printing more than the last five digits of the PAN or the card expiration date on any cardholder receipt. (Please visit http://www.ftc.gov/os/statutes/fcrajump.shtm for more information on the FACTA.)

37. The document further advises merchants to:

> Disguise or suppress all but the last four digits of the PAN, **and** suppress the full expiration date, on the **cardholder's copy** of a transaction receipt created at a point of sale (POS) terminal or an ATM (already required for merchants in the U.S., Europe, and CEMEA; Visa will apply this rule across all regions in the near future to provide global consistency).
>
> **Example:** XXXXXXXXXXXX1234 for the PAN and XXXX for the expiration date.

38. The Visa U.S.A., Inc. Operating Regulations contains a section entitled "Electronic and Manual Transaction Receipts." As of May 15, 2007, that section stated that:

> Effective through June 30, 2006, expiration date…Effective for Electronic

7

Transaction Receipts generated from Point-of-Transaction Terminals installed on or after July 1, 2003, the expiration date must be disguised or suppressed on the Cardholder's copy of the Transaction Receipt. Effective July 1, 2006, the expiration date must be disguised or suppressed on the Cardholder's copy of the Transaction Receipt.

39. MasterCard's Security Rules and Procedures contain a section entitled "Primary Account Number Truncation and Expiration Date Omission." As of July, 2008, that section states that expiration dates must be omitted from cardholder receipts effective October 1, 2008.

40. MasterCard's Cirrus Worldwide Operating Rules contained a section entitled "Requirements for Transaction Receipts." Beginning in June, 2008, that section contained a subsection that states that expiration dates must be omitted from cardholder receipts effective October 1, 2008.

41. Discover's Merchant Operating Regulations, beginning in at least October, 2007, stated:

> Each party shall be responsible for performing its obligations hereunder in compliance with all **Requirements of Law** applicable to the subject matter of your Agreement and these Operating Regulations, Card Transactions, and each of the parties to your Agreement shall be responsible for ensuring that each of its respective Agents comply with all such applicable **Requirements of Law** in addition to any **Requirements of Law** directly applicable to the Agent. You are solely responsible for compliance with all **Requirements of Law** in connection with all activities conducted by you pursuant to your Agreement and these Operating Regulations.

42. Importantly, Discover's Merchant Operating Regulations define "Requirements of Law" to include "the Fair Credit Reporting Act as amended by the Fair and Accurate Credit Transactions Act."

43. Upon information and belief, American Express mailed to Nicolet Restaurant a copy of a document "what you should know about keeping customer data secure," which contained the following notification about FACTA and its requirements:

8

> **Federal Legislation: truncating account numbers on receipts.** On December 4, 2003, President Bush approved a federal law that preempts existing state laws requiring truncation of account numbers on customer receipts, thereby creating a uniform national standard. This legislation, called the Fair and Accurate Credit Transactions Act of 2003 provides (among many other things) that "no person accepting credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.
>
> How does this impact your business? … Equipment that is first put into use on or after January 1, 2005, must comply with this requirement, and equipment in use before that date must become compliant by December 2006.

44. Upon information and belief, in or about October, 2010, 2011, 2012, 2013, and 2014, American Express provided notice to Nicolet Restaurant pertaining to the FACTA truncation requirements by mailing a copy of "American Express Merchant Regulations – U.S" to the Defendant. These regulations require Nicolet Restaurant to:

> Provide a copy of the Charge Record to the Cardmember. Pursuant to applicable law, truncate the Card Number and do not print the Card's Expiration Date on copies of Charge Records delivered to Cardmembers.

These regulations also contain a picture of an exemplar credit card receipt that is properly truncated, as follows: "XXXX XXXXXXX 2001".

45. The same or similar language and exemplar credit card receipt picture contained in the American Express Merchant Regulations – U.S. set forth above also appeared in the American Express Merchant Regulations – U.S. dated April, 2010, 2011, 2012, 2013, and 2014, which, upon information and belief, American Express made available to Nicolet Restaurant in the ordinary course of business in April of each respective year on its website www.americanexpress.com/merchantpolicy, by statement inserts provided to those merchants who receive paper statements, reminders on the Online Merchant Services homepage, or by American Express Merchant Services Voice Response messaging.

9

46. Defendant accepts Visa, MasterCard, Discover, and American Express cards, and is required to comply with the foregoing merchant rules and regulations by virtue of its acceptance of these credit and debit cards.

47. Defendant, as a merchant in the payment card system from the time it began accepting credit and debit cards, is aware of the importance of the card operating regulations of Visa, MasterCard, Discover, and American Express, and is aware that it is bound by them. By participating in the payment card system, Defendant necessarily represents to all other participants that it understands the importance of the card operating regulations of Visa, MasterCard, Discover and American Express, and that it will be complying with them. For the payment card system to function properly as a whole, it was essential for Defendant to comply with the card operating regulations of Visa, MasterCard, Discover and American Express.

48. Defendant knew of the card operating regulations of Visa, MasterCard, Discover and American Express, and Defendant knew that it had to comply with them. All of these regulations specifically informed Defendant of FACTA's truncation requirements.

49. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the expiration date of the card upon the receipts provided to the cardholders. Defendant could have readily done the same.

50. Defendant negligently, recklessly and/or willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

10

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class members and against Defendant as follows:

    a.    For statutory damages of $100 to $1,000 per violation;

    b.    For attorney's fees, litigation expenses and costs; and

    c.    For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands trial by jury.

JEREMY MEYERS, individually, and on behalf of all others similarly situated,

By:   s/ Mark A. Eldridge
    Shpetim Ademi (SBN 1026793)
    *sademi@ademilaw.com*
    John D. Blythin (SBN 1046105)
    *jblythin@ademilaw.com*
    Mark A. Eldridge (SBN 1089944)
    *meldridge@ademilaw.com*
    Ademi & O'Reilly, LLP
    3620 East Layton Avenue
    Cudahy, Wisconsin 53110
    (414) 482-8000 telephone
    (414) 482-8001 facsimile

    Thomas A. Zimmerman, Jr. (*pro hac vice* anticipated)
    *tom@attorneyzim.com*
    Adam M. Tamburelli (*pro hac vice* anticipated)
    *adam@attorneyzim.com*
    ZIMMERMAN LAW OFFICES, P.C.
    77 West Washington Street, Suite 1220
    Chicago, Illinois 60602
    (312) 440-0020 telephone
    (312) 440-4180 facsimile
    www.attorneyzim.com

Counsel for the Plaintiff and Class