IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JEREMY MEYERS, individually, and
on behalf of all other similarly situated,

                Plaintiffs,

vs.                                       Case No.: 15-CV-444

NICOLET RESTAURANT OF DE
PERE, LLC, a Wisconsin limited
liability company,

                Defendant.

---

## STATEMENT OF PROPOSED UNDISPUTED FACTS

---

NOW COMES defendant Nicolet Restaurant of De Pere, LLC, by its attorneys, Nash, Spindler, Grimstad & McCracken LLP, and hereby provides pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(b)(1)(C) the following proposed undisputed material facts in support of its motion for summary judgment:

1.     Defendant Nicolet Restaurant of De Pere, LLC ("Nicolet") owns and operates Nicolet Restaurant, located at 525 Reed Street, De Pere, WI 54115. (Exhibit A, Deposition Transcript of Keith Noskowiak, 8:25-9:10 and 11:3-13.)

2.     Nicolet Restaurant is a small family diner that employs approximately 30 to 32 people as cooks and wait staff. (Id. at 43:10-17 and 17:25-18:8.)

3.     Nicolet began operating Nicolet Restaurant on August 26, 2012. (Id.)

4.     Nicolet does not own the building it is in but leases it from a third party. (Id. at 11:20-23.)

5.     Nicolet is owned by Robert Crowley; however, daily operations are handled by two managers: Keith Noskowiak and Joseph Emerich. (Id. at 11:24-25 and 17:19-24.)

6.      Nicolet's Point of Sale System prints a merchant receipt and a customer receipt for all credit and debit card transactions. (Id. at 35:5-15.)

7.      Customers of Nicolet Restaurant do not automatically receive a copy of their receipt; instead, each customer is asked if he or she would like the customer copy of the receipt. (Id. at 34:5-16 and 45:11-25.)

8.      The customer receipts that are not given to the customer are destroyed at the end of each business day. (Id. at 35:16-23.)

9.      On February 10, 2015, Nicolet gave plaintiff Jeremy Meyers a computer-generated cash register receipt which displayed the credit card's expiration date. (Exhibit B, Class Action Complaint, ¶ 10.)

10.     The receipt given to Mr. Meyers on February 10, 2015 properly truncated all but the last four digits of his card number. (Id.)

11.     No person other than plaintiff Jeremy Meyers has indicated that he/she received a receipt from Nicolet which displayed the credit card's expiration date. (Exhibit C, Deposition Transcript of Jeremy Meyers, 15:6-16:20.)

12.     No one other than plaintiff Jeremy Meyers has asserted a claim against Nicolet for violating the Fair and Accurate Credit Transactions Act (FACTA). (Id.)

13.     Nicolet was unaware of the FACTA law and its requirement until it was served with this lawsuit in April of 2015. (Exhibit A, Deposition Transcript of Keith Noskowiak, 10:15-18.)

14.     Plaintiff Jeremy Meyers did not sustain any actual damage because Nicolet provided him with a receipt that displayed the credit card's expiration date. (Exhibit C, Deposition Transcript of Jeremy Meyers, 58:3-6.)

15. Plaintiff Jeremy Meyers did not change his credit card number or acquire a credit report to determine if his identity had been compromised because Nicolet provided him a receipt displaying the credit card's expiration date. (Id. at 59:22-61:5.)

16. Plaintiff Jeremy Meyers seeks only statutory damages in the range of $100 to $1,000 in this case. (Id. at 57:15-21.)

17. The plaintiff's only allegation of willful conduct in his complaint is Nicolet "negligently, recklessly and/or willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA." (Exhibit B, Class Action Complaint, ¶ 50.)

18. Plaintiff Jeremy Meyers believes that Nicolet willfully violated FACTA when it supplied him with a receipt displaying his credit card's expiration date because credit card companies informed merchants, like Nicolet, of FACTA and its requirements. (Exhibit C, Deposition Transcript of Jeremy Meyers, 58:21-59:21.)

19. Plaintiff Jeremy Meyers has no knowledge what information was provided to Nicolet from the credit card companies about FACTA or its requirements. (Id.)

20. On or around August 14, 2012, Nicolet entered into a Merchant Processing Agreement with Heartland Payment Systems allowing Heartland to process all of Nicolet's credit and debit card transactions. (Exhibit D, Merchant Processing Agreement.)

21. The Merchant Processing Agreement included the following sections:

> **4.3** Merchant shall complete a Sales Draft or Credit Voucher, in a form approved by HOS and in compliance with the Card Schemes Rules, which shall be legible and contain the following:
> (a) The Merchant and Cardholder's electrically printed copy shall not contain the expiration date and should only display in legible print the last four digits of the Card number. Any other portion

of the Card number must be represented by fill characters such as "x", "*", or "#";

(b) The information embossed on the Card being presented;

(c) the date of the Transaction;

(d) a brief description of the Products involved in detail sufficient to identify the Transaction;

(e) the total amount of the sale or credit (including any applicable taxes) or the words "deposit" or "balance" if full payment is to be made at different times on different Sales Drafts;

(f) the city and state wherein such Transaction occurred; and

(g) the signature of the Cardholder on the bankcard.

In cases where prompted by the equipment to do so, Merchant shall key enter the last four digits of the bankcard to verify the contents of the magnetic stripe and shall deliver a completed copy of the Sales Draft to the Cardholder. However, the Cardholder's electronically printed copy shall not contain the expiration date and no more than the last four digits of the credit Card number. This provision shall not apply to those Transactions specifically excluded from these requirements by Card Schemes Rules.

**4.40** Merchant shall at all times comply with the Rules and operating regulations of each of the Card Schemes and American Express as well as all applicable federal, state, and local, Rules and regulations. (Id.)

22. Heartland Payment Systems provided Nicolet with monthly statements to advise the number and value of credit and debit card transactions which were processed at Nicolet for the previous month. (Exhibit E, Merchant Statements.)

23. The defendant received merchant statements from Heartland Payment Systems in December of 2012 and January, February, March, April, May, June and July of 2013, that contained the box reproduced below:



(Id.)

24. Pursuant to subpoenas served by plaintiff Jeremy Meyers, Visa and MasterCard which are accepted by Nicolet, produced rules and operating procedures that would have been in effect at the time Nicolet operated Nicolet Restaurant. (Exhibit F, Declaration of Sandi Arajs; Exhibit G, MasterCard's Response Letter to Subpoena.)

25. None of the rules or operating procedures produced directly reference FACTA or inform the reader that a federal law requires merchants to truncate the expiration date from credit card receipts. (Exhibit H, Selected Excerpts from Subpoenaed Documents.)

26. Visa and MasterCard did not send the rules and operating procedures directly to Nicolet. Instead, the rules and operating procedures were available upon request or online. (Exhibit A, Deposition Transcript of Keith Noskowiak, 42:7-9; Exhibit F, Declaration of Sandi Arajs.)

27. Pursuant to subpoenas served by plaintiff Jeremy Meyers, American Express declined to respond and Discover notified the plaintiff that Nicolet does not have a direct relationship with Discover, but rather has a relationship with Heartland Business Systems; therefore, Discover did not send Nicolet anything. (Exhibit I, Discover's Response Letter to Subpoena.)

Dated this 22nd day of February, 2016.

NASH, SPINDLER, GRIMSTAD & McCRACKEN LLP

*/s/ Ryan R. Graff*

_____

Ryan R. Graff
State Bar No. 1051307
Nicole R. Radler
State Bar No. 1099842
Attorneys for Defendant Nicolet Restaurant of De Pere, LLC

Mailing Address:
1425 Memorial Drive
Manitowoc, WI 54220
(920) 684-3321